UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
SEP 19 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SHANNON E. HULZEBOS, | CIV. 13-4024 |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| CITY OF SIOUX FALLS, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is the City's motion to disqualify counsel for plaintiff.[1]

## BACKGROUND

Hulzebos alleges she "worked for the City from 1979 through April 1997, and, later from May of 1999, through October 4, 2011."[2] She alleges she worked "as a civil service employee who was compensated at predetermined hourly rates. However, for a period of time between September 2002 and January 2005, for employment compensation purposes Plaintiff was treated as an appointed staff person within the Mayor's office."[3] According to Hulzebos, the City "failed to fulfill its lawful obligations under City ordinance to continue compensating her at her correct and legally earned rate of pay."[4] She asserts "at the time of her recruitment and transfer in September 2002 from the Media

---

[1] Doc. 8.

[2] Doc. 1-2, p. 1, ¶ 1.

[3] Doc. 1-2, p. 1, ¶ 2.

[4] Doc. 1-2, p. 2, ¶ 4.

Services MOU to the Mayor's office [she] was an hourly civil service employee earning a step wage assigned to the Lead Media Services Specialist position at forty (40) hours per week."[5] She asserts "as a result, in January 2005 Plaintiff was entitled under city ordinance . . . to bump-back to her former position and rate of pay (approximately $19.99 per hour). Instead, however, Defendant wrongfully, arbitrarily and/or discriminatorily reduced Plaintiff's hourly rate of pay to a significantly lower rate of $17.35 per hour."[6] Her prayer for relief includes:

> Be awarded a money judgment of not less than $29,500.00 against the Defendant for allowed back pay and for the total of increased adjusted pension benefit amounts owed to her as well as any other related post-employment benefits that may need to be calculated as a result of the City's unlawful failure to compensate her at her correct and earned rate of pay and to include the calculation of prejudgment interest thereon.[7]

The former Human Resource Director for the City asserts counsel for Hulzebos, R. Shawn Tornow was the designated legal advisor for the Human Resource Department for many years; that he represented the City and its management team at civil service hearings; that he was involved in drafting or writing policy and ordinances related to the City's personnel rules and regulations; that he provided interpretations and legal advice regarding policies and ordinances; and that Tornow was involved in a number of hearings about employment matters.[8] The former Human Resource Director asserts "it would not be uncommon" for her to speak to Tornow about City Ordinance 30-19.[9]

---

[5]Doc. 1-2, p. 2, ¶ 5.

[6]Doc. 1-2, p. 2, ¶ 6.

[7]Doc. 1-2, p. 5.

[8]Doc. 10.

[9]Doc. 10, p. 2, ¶ 3.

A current deputy City Attorney asserts Tornow was employed by the City from 1995-2010; that during that time Tornow held the positions of Chief City Attorney and Assistant City Attorney; and that "it was common practice in the Sioux Falls Attorney's Office for Attorney Tornow to visit with other assistant city attorneys about legal matters including but not limited to employment matters and drafting, interpretation and application of employment related rules and City Ordinances."[10]

Hulzebos' affidavit asserts her lawyer Tornow while a City Attorney never accessed or reviewed her personnel file to her knowledge.[11] Tornow has never indicated to her that he possesses confidential information which could assist her in her litigation against the City.[12] It was readily apparent to her when she discussed her claim with Tornow that he "had no prior knowledge" about it.[13] When the City's Human Resource Director informed Hulzebos about her pending employment position and wage status to take effect in 2005, the Human Resource Director did not mention having a consultation with any City Attorney about the decision.[14]

Tornow's affidavit asserts that while employed with the City he "did not represent the City in the same matter or any substantially related matter. . . ."[15] His duties with the City almost exclusively related to discipline and discharge of employees and Hulzebos was never disciplined or

---

[10] Doc. 11.

[11] Doc. 13, p. 1, ¶ 2.

[12] Doc. 13, p. 1, ¶ 3.

[13] Doc. 13, p. 2, ¶ 4.

[14] Doc. 13, p. 2, ¶ 5.

[15] Doc. 14, p. 1, ¶ 2.

3

discharged and her employment with the City voluntarily ended after Tornow's employment with the City ended.[16] There has never been during Tornow's employment with the City any case against the City alleging a wrongful rate of pay after an employee left city employment.[17] Furthermore, even if such a case ever existed, he does not possess any confidential information about it.[18] The City ordinance at the center of this dispute was adopted more than 18 years ago and there is nothing about its interpretation which is confidential.[19] Tornow has not reviewed or discussed Hulzebos personnel file nor has he ever discussed Hulzebos wage or benefit issue with anyone before she contacted him as a prospective client.[20]

## DISCUSSION

**Standards Of Review.**

South Dakota Rule of Professional Conduct 1.11 provides:

(a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government:

    (1) is subject to Rule 1.9(c); and

    (2) shall not otherwise represent a client in connection with a matter on which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation.[21]

---

[16] Doc. 14, p. 1, ¶ 3.

[17] Doc. 14, p. 2, ¶ 4.

[18] Doc. 14, p. 2, ¶ 4.

[19] Doc. 14, p. 2, ¶ 5.

[20] Doc. 14, p. 3, ¶ 9.

[21] SDCL Ch. 16-18, Appx. A, Rule 1.11.

4

Rule 1.9(c) provides:

> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) Use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
> (2) Reveal information relating to the representation except as these Rules would permit or require with respect to a client.[22]

A lawyer should be disqualified as counsel if the lawyer is in violation of a disciplinary rule.[23] "Disqualification of an attorney who has been exposed to confidential information that would unfairly advantage her client is part of the court's duty to protect the sacrosanct privacy of the attorney-client relationship."[24] "It is, however, a drastic device which courts should hesitate to implement except when absolutely necessary, because it deprives a party of the representation of its own choosing. The Court must balance the right of confidentiality with the right of a party to proceed with counsel of its choice."[25]

The Seventh Circuit Court of Appeals has developed a three level inquiry.[26] First, the trial judge factually reconstructs the scope of the previous representation. Second, the trial judge

---

[22] SDCL ch. 16-18, appx. A, Rule 1.9(c).

[23] *Homestake Min. Co. v. Bd. of Envtl. Prot.*, 289 N.W.2d 561, 563 (S.D. 1980).

[24] *Dugar v. Board of Education of The City of Chicago, District 299*, 1992 WL 142302 (N.D. Ill. June 18, 1992).

[25] *Id.*

[26] *Id.* p. *2, citing *LaSalle National Bank*, 703 F.2d 252, 255 (7th Cir. 1979).

5

determines whether it is reasonable to infer confidential information would have been given to a lawyer representing a client in those matters. Third, the trial judge must determine whether that confidential information is relevant to the issues pending in the current litigation against the former client.[27]

If the three level inquiry determines confidential information given to the lawyer is relevant to the issues pending in the current litigation against the former client so that there is a substantial relationship between the current litigation and the former employment, then a presumption arises that the lawyer acquired confidential information while representing the former client. Disqualification does not require proof the lawyer received specific information, but only that the subject matter of the former and the current representation are substantially related.[28] This presumption can be rebutted, but only if the challenged lawyer can show clearly and effectively that he was not privy to the confidences and secrets of the former client.[29]

**Analysis.**

1.  **Scope of Employment.**

Tornow was employed by the City from 1995-2010. During that time he was Chief City Attorney and Assistant City Attorney. It was common practice in the Sioux Falls Attorney's Office for Tornow to visit with other assistant city attorneys about legal matters including but not limited to employment matters and drafting, interpretation and application of employment related rules and City Ordinances. Tornow was the designated legal advisor for the Human Resource Department for

---

[27] *Id.* citing *LaSalle National Bank,* 703 F.2d at 255-256.

[28] *Id.* citing *LaSalle National Bank,* 703 F.2d at 257.

[29] *Id.* citing *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 723.

6

many years. He represented the City and its management team at civil service hearings. He was involved in drafting or writing policy and ordinances related to the City's personnel rules and regulations. He provided interpretations and legal advice regarding policies and ordinances. Tornow was involved in a number of hearings about employment matters. It would not be uncommon for the former Human Resource Director to speak to Tornow about City Ordinance 30-19. His duties with the City almost exclusively related to discipline and discharge of employees and Hulzebos was never disciplined or discharged and her employment with the City voluntarily ended after Tornow's employment with the City ended. There has never been during Tornow's employment with the City any case against the City alleging a wrongful rate of pay after an employee left city employment.

2. **Confidential Information.**

It is reasonable to infer confidential information would have been given to a lawyer representing the City in those matters assigned to Tornow during his employment with the City.

3. **Confidential Information Relevant To The Issues In This Litigation.**

Hulzebos' litigation is not the same matter as Tornow handled while in the employ of the City. The question is whether Hulzebos' litigation is substantially related to matters Tornow handled while in the employ of the City. Two matters are substantially related if "there is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."[30] "If there is reasonable probability that confidences were disclosed which could be used against the former client in the later adverse representation, moreover, a substantial relationship between the two cases

---

[30] *People v. Frisco*, 119 P.3d 1093, 1096 (Colo. 2005) (*en banc*).

will be presumed."[31] Disqualification does not require proof the lawyer received specific information, but only that the subject matter of the former and the current representation are substantially related.[32] The subject matter of Hulzebos' litigation is a Sioux Falls City Ordinance related to designation and placement of City employee Hulzebos as a civil servant or otherwise and her compensation which is dependent upon her designation and placement. While Tornow did not handle any matter specifically related to Hulzebos, Tornow was privy to confidential City information about employment policies, strategies and decisions. He possesses confidential information he obtained while in the employ of the City which is relevant and which could be useful to advance Hulzebos' litigation against his former client— the City.

The City observes the following about confidential information Tornow possesses and suggests the confidential information was obtained while he was in the employ of the City:

> In her Complaint that was signed by Attorney Tornow, it is asserted that Plaintiff was not afforded the opportunity to be heard on her wage issue **as was done by custom and practice.** (Doc 1-2 ¶ 14). It is further asserted in the paragraph that discusses this bump back issue that **other employees, including males, were treated more favorably than Plaintiff.** (Id. at ¶ 12). Clearly these assertions, which relate to the City's policies, practices and other employment bump back matters, are **based upon information that Plaintiff's attorney has due to his employment as an attorney by the City over the course of fifteen years.** Significantly, Plaintiff's attorney does not deny involvement with bump back issues involving the other employees; instead he simply asserts he was not involved in such issues that were brought by retired or fired employees after they left their employment.[33]

(Bold added). This confidential information obtained by Tornow while he was a lawyer representing the City could advance Hulzebos' claim against the City. That is exactly what South Dakota Rule

---

[31]*Thomas v. Municipal Court of Antelope Valley Judicial Dist. of Cal.*, 878 F.2d 285, 288-89 (9th Cir. 1989).

[32]*Dugar v. Board of Education of The City of Chicago, District 299*, 1992 WL 142302 at p. *2 (N.D. Ill. June 18, 1992) citing *LaSalle National Bank*, 703 F.2d at 257.

[33]Doc. 15, pp. 1-2.

8

of Professional Conduct 9(c) prohibits, i.e. a lawyer who has formerly represented a client in a matter...shall not thereafter ... use information relating to the representation to the disadvantage of the former client.

### 4. Presumption.

Hulzebos' litigation and Tornow's former representation of the City overlap because Tornow appears to possess confidential information acquired by him while in the employ of the City which could be used to advance Hulzebos' position in her lawsuit against the City. Given that overlap, the City has established a *prima facie* showing the transactions are substantially related. The burden then shifts to Tornow to demonstrate that he could not have gained access to information while in the employ of the City which could be useful in the Hulzebos lawsuit. Absent sufficient rebuttal, the City satisfies its burden of persuasion. Importantly, Tornow cannot satisfy his burden of rebuttal simply by claiming no useful, confidential information was received during his employment with the City.[34] Tornow has not offered facts to demonstrate that he could not have gained access to information while in the employ of the City which could be useful in the Hulzebos' lawsuit. The City has refused to consent to Tornow's representation of Hulzebos in her lawsuit against the City.

Consequently, it is concluded that Tornow's representation of Hulzebos in her lawsuit against the City violates South Dakota Rules of Professional Conduct, 1.11 and 9(c). A lawyer should be disqualified as counsel if the lawyer is in violation of a disciplinary rule.[35]

---

[34]*United States v. Philip Morris*, 312 F.Supp.2d 27, 38-39 (D.D.C. 2004).

[35]*Homestake Min. Co. v. Bd. of Envtl. Prot.*, 289 N.W.2d 561, 563 (S.D. 1980).

In closing it needs to be noted that *In re: Discipline of Tornow*[36] has been carefully reviewed. There is nothing in that case which bears upon this decision. That case involved two matters separate from and not substantially related to Hulzebos' case.

It is ORDERED that the City's motion to disqualify (Doc. 8) is GRANTED and R. Shawn Tornow is disqualified from representing Shannon E. Hulzebos in her lawsuit against the City of Sioux Falls, CIV. 13-4024.

Dated this 19th day of September, 2013.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

---

[36] *In re: Discipline of Tornow*, 2013 WL 4027147.